IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVEN MONROE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> RAVALLI COUNTY and SGT. RUSSELL, <br><br> Defendants. | CV 13-00283-M-DWM-JCL <br><br><br> ORDER |

On December 19, 2014, this Court issued an Order granting Plaintiff Steven Monroe's Motion to Proceed in Forma Pauperis and allowing Monroe to either file an Amended Complaint or notify the Court that he wanted to pursue his claims against Sgt. Russell only. (Doc. 4.) On March 14, 2014, Monroe filed a response to the Court's Order indicating that he wanted to proceed with his original Complaint. (Doc. 13.) Monroe also requested appointment of counsel.

For the reasons set forth in the Court's Order of December 19, 2013 (Doc. 4), the Court recommends that Defendant Ravalli County be dismissed. The Court will direct the original Complaint to be served upon Sgt. Russell.

The motion for appointment of counsel will be denied. No one, including incarcerated prisoners, has a constitutional right to be represented by appointed

1

counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, much different from a criminal case, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Monroe submits that he is not trained in the law and does not know how to interpret the law, (Doc. 13.) Many indigent plaintiffs might fare better if represented by counsel, but this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs

2

representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Although the claims against Sgt. Russell will be served, Monroe has not yet made an adequate showing of a likelihood of success on the merits to warrant a request of counsel. A litigant's performance in the case may also be considered in determining whether to request counsel. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (9th Cir. 1996)). Monroe has demonstrated he is able to articulate his position.

Based on the foregoing, the Court hereby issues the following:

**ORDER**

1. Monroe's Motion for Appointment of Counsel (Doc. 13) is denied.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant Russell to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant chooses to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the

---

[1]Defendant Ravalli County will be recommended for dismissal and is not required to file a responsive pleading at this time.

Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

    3.  The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Bill Fulbright | Sgt. Russell |
| Ravalli County Attorney | c/o Ravalli County Detention Center |
| 205 Bedford Street | 205 Bedford Street |
| Suite C | Suite I |
| Hamilton, MT 59840 | Hamilton, MT 59840 |

* Complaint (Doc. 2);

* Court's Orders of December 19, 2013 (Doc. 4) and February 21, 2014;

* Monroe's Response (Doc. 13);

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Should counsel determine he does not represent Sgt. Russell in this matter, he should notify the Court's Pro Se Department as soon as possible.

Counsel for Sgt. Russell must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

6. Monroe shall not make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Monroe SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATION

Defendant Ravalli County should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Monroe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this the 18th day of March, 2014.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:

| | |
|---|---|
| Bill Fulbright, Ravalli County Attorney | Sgt. Russell c/o Ravalli County Detention Center |
| 205 Bedford Street, Suite C | 205 Bedford Street, Suite I |
| Hamilton, MT 59840 | Hamilton, MT 59840 |

     A lawsuit has been commenced by a pro se plaintiff against you or a party you may represent. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00283-M-DWM-JCL. The Court has completed its pre-screening and concludes Defendant Russell must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

     If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

                                                */s/ Jeremiah C. Lynch*
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request that he waive service of summons in the following action:  <u>Monroe v. Russell</u>, Civil Action No. CV-13-00283-M-DWM-JCL filed in the United States District Court for the District of Montana.  Defendant also received a copy of the Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following Defendant:

_____;  _____;

_____;  _____;

_____   _____
DATE                                                    SIGNATURE

                                                        _____
                                                        PRINTED/TYPED NAME

                                                        _____

                                                        _____
                                                        ADDRESS