IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVEN MONROE, JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SGT. RUSSELL,<br><br>　　　　　Defendant. | CV 13-283-M-DWM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court is Defendant Sgt. Dave Russell's Fed. R. Civ. P. 37(b) motion for sanctions and award of reasonable attorney's fees. Plaintiff Steven Monroe, Jr. did not file a brief in response to the motion. For the reasons discussed, the Court recommends that the motion be granted and this action be dismissed.

**I.　BACKGROUND**

Plaintiff Steven Monroe, Jr., proceeding pro se, is currently incarcerated at the Montana State Prison. At the time of the events that are the subject of this lawsuit, Monroe was a pretrial detainee incarcerated at the Ravalli County Detention Center in Hamilton, Montana. Defendant Sgt. Dave Russell was

1

employed as a guard at the detention center.

Monroe alleges that on or about November 12, 2013, while incarcerated at the Ravalli County Detention Center, Russell used excessive physical force causing injury to Monroe. Monroe commenced this action under 42 U.S.C. § 1983 seeking compensatory damages from Russell for violating Monroe's due process rights protected under the Fourteenth Amendment to the United States Constitution.

On May 15, 2014, the Court entered a Fed. R. Civ. P. 16(b) scheduling order establishing pretrial deadlines. The deadline for the completion of discovery was October 15, 2014, and the deadline for motions was November 17, 2014.

On June 23, 2014, Russell served discovery requests – including interrogatories, requests for production, and requests for admission – upon Monroe. But Monroe did not respond to the requests. Therefore, on August 29, 2014, Russell moved for an order under Fed. R. Civ. P. 37(a) compelling Monroe to respond to the discovery requests. Monroe did not file a brief in response to the motion.

On October 10, 2014, the Court granted Russell's motion to compel, and required Monroe to provide his responses to Russell's discovery requests by October 24, 2014. The order expressly cautioned Monroe that if he failed to

provide responses to the discovery requests as directed, the undersigned might recommend to the presiding district judge that the action be dismissed. Contrary to the directive of the October 10, 2014 order, Monroe did not provide discovery responses to Russell.

On November 10, 2014, Russell filed the present Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) requesting that this action be dismissed with prejudice. In support of the motion counsel for Russell represents that pursuant to L.R. 7.1(c)(1), she contacted Monroe regarding his position on the motion and was advised by Monroe that he does not object to the motion or oppose dismissal of this action. As of the date of these Findings and Recommendation, Monroe has not filed a brief in response to Russell's motion for sanctions. Pursuant to L.R. (d)(1)(B)(ii), Monroe's failure to file a response brief is deemed an admission by Monroe that Russell's motion for dismissal is well-taken.

## II. DISCUSSION

As noted, Monroe failed to comply with the Court's October 10, 2014 order compelling him to provide discovery responses. Therefore, Monroe is subject to sanctions as provided under Rule 37(b).

If a party "fails to obey an order to provide or permit discovery, [...] the

court [...] may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Included among the available sanctions are orders "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). The district court has discretion in its imposition of discovery sanctions. *Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). Case-dispositive or terminating sanctions generally are available only in limited circumstances. *Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Only "willfulness, bad faith, and fault" justify the severe sanction of dismisal. *Id*.

Monroe had more than adequate time to provide responses to Russell's June 23, 2014 discovery requests. Monroe has not disputed Russell's assertion that Russell attempted to cooperate with Monroe and accommodate the circumstances of his incarceration to make it easy for Monroe to provide discovery responses. Specifically, Russell provided Monroe with documents for Monroe to sign authorizing the release of medical information pertaining to his alleged injuries and claim for damages – documents which Monroe did not properly execute. And Russell granted Monroe multiple extensions of time to respond to the June 23, 2014 discovery requests.

Likewise, the Court has provided Monroe more than sufficient time to

provide his discovery responses and comply with the Court's order compelling discovery. The present record reflects, however, that Monroe has elected not to comply with the order to compel. The Court is constrained to find that Monroe's unexplained and unjustified conduct is willful. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Before a court can order a dispositive sanction for a failure to comply with an order to compel discovery, however, the court must first consider five factors and conclude that the factors weigh in favor of the dispositive sanction requested. The court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotations and citation omitted). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric*

5

*Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

Consideration of these factors as discussed below compels the conclusion that a dismissal of this action is warranted.

### a. **Expeditious Resolution**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances, this factor weighs in favor of dismissing this case. Monroe commenced this action on December 16, 2013, but he has not diligently prosecuted this case in any way. The scheduling order which established deadlines for the disposition of Monroe's claim was imposed on May 15, 2014, and set discovery to close by October 15, 2014. A significant amount time has passed since Russell's June 23, 2014 discovery requests and Monroe still has not responded to the requests. He has also failed to comply with both the discovery deadline and the order compelling him to provide responses. At this juncture, based on Monroe's significant delays and his noncompliance, the Court finds that an expeditious resolution of this matter is now in the public's interest.

### b. Docket Management

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]" *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

Monroe's conduct in failing to prosecute this case and failing to provide discovery responses demonstrates his inability or unwillingness to comply with the Court's orders and the schedule imposed in this case. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### c. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v.*

*United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id*. The law presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Russell asserts he is prejudiced by Monroe's failure to provide him with responsive discovery information. He asserts the failure has impeded his ability to prepare his defense against Monroe's claim. The Court agrees Russell has been prejudiced in that regard. Prejudice is inherent in the delay caused by Monroe's failure to produce discovery. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation).

### d. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of other less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citations omitted).

Monroe had a sufficient opportunity to provide discovery responses in the wake of Russell's motion to compel. And he was provided an additional

opportunity by the Court in the October 10, 2014 order granting Russell's motion to compel. Monroe was also put on notice that if he failed to provide discovery responses this action would be subject to dismissal as a sanction for his noncompliance. The Court is not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). In this regard, because the ultimate sanction of dismissal is being recommended, the additional sanction of an award of fees and costs incurred by Russell in presenting his motions to compel and for sanctions will not be recommended.

### e. Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

### III. CONCLUSION

Based on the forgoing, IT IS HEREBY RECOMMENDED that Russell's motion for sanctions be GRANTED, and that this action be DISMISSED.

DATED this 9th day of December, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge

9