
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVEN MONROE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SGT. RUSSELL, <br><br> Defendant. | CV 13-283-M-DWM-JCL <br><br> ORDER |

Pending is Defendant Sgt. Dave Russell's ("Russell") motion for sanctions and award of reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 37(b). (Doc. 28.) On December 9, 2014, United States Magistrate Judge Jeremiah Lynch recommended the motion be granted and this action be dismissed. (Doc. 33.). Plaintiff Steven Monroe, Jr. ("Monroe") filed neither a response to Russell's motion nor objections to Judge Lynch's Findings and Recommendation. The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error

1

exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error with Judge Lynch's determination that the Court should dismiss this action. As noted by Judge Lynch, Monroe failed to comply with the Court's October 10, 2014 order compelling him to provide discovery responses. Monroe is therefore subject to sanctions, which may include dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including "dismissing the action or proceeding in whole or in part"). The Court finds no clear error with Judge Lynch's analysis and conclusions regarding the five factors that show dismissal of this action is warranted. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (outlining the five factors a court must consider in order to dismiss a case as a sanction).

Judge Lynch's Findings and Recommendation do not address Russell's request for reasonable attorney's fees. Rule 37(d)(3) requires such expenses be awarded unless Monroe can establish his failure to respond to discovery was substantially justified or that other circumstances make an award of expenses unjust. In light of Monroe's financial statement, (Doc. 1-1), and his status as an

inmate at the Montana State Prison, an award of expenses would be unjust. Dismissal of this action is sanction enough.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 33) are ADOPTED to the extent they are consistent with this Order.

IT IS FURTHER ORDERED that Russell's motion (Doc. 28) is GRANTED IN PART and DENIED IN PART. Russell's motion is GRANTED to the extent this action is DISMISSED. Russell's request for reasonable attorney's fees is DENIED.

Dated this __ day of January, 2015.

Donald W. Molloy, District Judge
United States District Court